Allen, J.
The fact that the note in suit, of which the defendant was an accommodation indorser as the surety for the makers, was diverted from the purpose for which it was made and indorsed, to the prejudice of the indorser, is fully met and overcome as a defence by the fact, also proved, that the plaintiff became the holder and owner of the note before its maturity for value actually paid, and without notice of any defence to the note, or defect in the title of its immediate indorser. Although the immediate transferree of the note from the makers received it as collateral security for the payment of a precedent debt, and therefore, not being a holder for value, held it subject to all equities as well as legal defences of the surety indorser, his possession of and title to the note was good as against the maker and his indorser; the plaintiff, receiving it in the usual course of business, and for value, is within the protection accorded by the law-merchant to all bona fide holders for value of negotiable instruments, and, as against the plaintiff, the defence that the note was misappropriated by the principal debtor is unavailing to the indorser.
The case does not show that Hier, who transferred the note to the plaintiff, had any notice or knowledge of any restriction upon the right of the makers in the use of the note for their benefit, or that it was made for a special purpose, and it is therefore immaterial to inquire whether the knowledge of Hier is in law the knowledge of the plaintiff, a banking corporation, of which he was a director. The mere fact that he had taken the note for a precedent debt did not make it non-negotiable in his hands, or affect the title of the plaintiff parting with value for it. There is no complaint that, as between the makers and Hier, the latter had not the legal right to treat and use or transfer the note as his own, so that there was no defect in his title other than *28 as against the indorser and as resulting from the diversion of it from its proper channel and use, and that was cured by a transfer to a bona fide purchaser for value.
The only other defence interposed rests upon the fact that the holder of the notes has proved the debt in bankruptcy against the makers for the full amount, as an unsecured claim, which it is claimed operated to release and discharge certain securities for the payment of the debt, by means whereof the defendant, as the surety of the makers, was discharged and released from his liability as indorser. The operation and effect of the proof of the debt in the form suggested upon the securities, and the rights of the plaintiff and the other creditors respectively in the bankruptcy proceedings, were presented in a somewhat different form, and under different aspects, and were considered by Judge Hall, in the District Court of the United States for the northern district of New York, in an elaborate and very able opinion, a copy of which has been furnished us. The questions in that court and in this are so radically different that the decision in the former cannot control here ; but the opinion is, nevertheless, valuable as collating the authorities, and enunciating, with great distinctness, the precise status of the plaintiff in respect to the securities in question, and its legal and equitable rights in respect to them, and the results logically and legally following the omission to recognize their existence, or claim any rights under them in making proof of the debt. The securities referred to were not to the creditors directly, but were by mortgages upon real property to the defendant, conditioned for the payment of any and all bills or notes indorsed by him, and to indemnify him against his indorsements for the makers of the note in suit subsequently becoming bankrupt as a firm, and as individuals. Neither the plaintiff, nor any holder of this or any of the indorsed notes secured by these mortgages, so far as appears, had at the time any knowledge of the taking of the securities, or has since affirmed the same as a security for their benefit, or made any claim to them or any benefit from *29 them. No proceedings have been taken, or claim made, to establish and declare the mortgages to be liens or securities for the benefit of the creditors, either as a trust or otherwise.
It is shown very conclusively by Judge Hall, and by the authorities cited by him, that creditors, holding notes secured by these mortgages, were certainly, after the notes had become due, in equity entitled to the benefit of them, and to have them declared a trust fund for the payment directly to them of the debts intended to be secured, and to compel an application of the securities to that purpose. (Maure v. Harrison, 1 Eq. Cas. Ab., 93; Moses v. Murgatroyd, 1 J. C. R., 119; Pratt v. Adams, 7 Paige, 615; Story Eq. Jur., § 638.)
There can be no doubt that the learned judge was entirely right in holding as he did that this equity was a substantial right well recognized both at law and equity, and somewhat analogous in legal effect for the purposes of that investigation and the decision of the questions then before the court, too, although not in any sense the equivalent of a security directly to the creditor, and was within the equity, although not within the terms of the twentieth section of the bankrupt act of the Hnited States, of March 2, 1867, which prescribes the rule for the proof of debts secured in whole or in part by a mortgage or pledge of real or personal property. It necessarily followed the reasoning of the learned judge, as was adjudged, that the creditor, by proving his debt for the full amount, without taking notice of the security named, had released all right and claim to them, as well at law as in equity, and could not thereafter make any claim to a lien of any kind, whether under the mortgages directly or as a trust for the benefit of the holders of the notes. (In re Bloss, 4 Bank Reg., 37; In re Brand, 3 id., 85 ; The New Bedford Inst. for Savings v. Fairhaven Bank, 9 Allen, 175.) These and many other authorities are referred to by Judge Hall in support of his judgment. But it by no means follows that the surety is discharged from his liability as indorser. The plaintiff has done no act affecting the securities to the *30 defendant, but has merely declined to claim or take any benefit under them, and, if Judge Haul is correct, in legal effect, released the equities it might have claimed. The securities were taken by the defendant and primarily for his benefit, and the creditors were not parties to the transaction. The validity of the securities did not depend upon any ratification or affirmance by the plaintiff or other person. It was a completed and valid transaction between the defendant and his principals, and it was only in equity and upon a direct proceeding for that purpose that the creditors could be subrogated to his rights over the securities, and, in any event, they must have been applied in the first instance to his indemnity. (Eastman v. Foster, 8 Met., 19.) It was optional with the plaintiff to seek and take the benefit of any trust or equitable lien which the law would have given it, or to waive such right and rest content with the personal responsibility of the indorser and the security of the indorsement. The plaintiff could not be coerced to avail itself of the securities. Standing aloof from the transaction the plaintiff has not, in any manner or to any extent, affected the securities held by the indorser, or his right to enforce them for his indemnity; and all the court in bankruptcy has declared is that, by omitting to assert the equitable rights which it had before proving the debt as unsecured, it shall not now, as against other creditors, be permitted to assert such equities. The plaintiff is left to its remedy against the indorser, and the latter has the benefit of his securities, and to every other legal and equitable right against the makers and their estate. The rights of the indorser have not been impaired or affected by the act of the plaintiff and the proof of the debt as unsecured. It was unsecured to the plaintiff except by the indorsement of the defendant. There was no mortgage, lien or pledge of the property of the bankrupt to the plaintiff, and the security to the defendant was not released, and could not be released by any act of the plaintiff. The defendant has the right to enforce his security, and should he pay the debt, to share, by subrogation to the plaintiff’s rights, in the *31 distribution of the assets of the bankrupt. (Thornton v. McKewan, 1 Hem. & Miller, 525 ; Ex parte Hope, 3 Mont., D. & De Gex., 720 ; In re Babcock, 3 Story, 393; Richardson v. City Bank, 11 Gray, 26 1; Meed v. Nelson, 9 id., 55.) But it suffices that the defendant was not affected by the proof of the debt as unsecured, and that, therefore, the defendant was not released from his liability.
The judgment must be affirmed.
All concur.
Judgment affirmed.